**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CALVIN J. DAVIS, ADC #87345                                                                                  PLAINTIFF

v.                                             5:12-cv-00129-JLH-JJV

ROBERT FREADS, Jail Administrator,
Arkansas County Detention Center                                                                         DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Calvin Davis, a state inmate confined at the Arkansas County Detention Center (Jail), filed this *pro se* action against Defendant Freads in his official capacity only, alleging unconstitutional conditions of confinement at the Jail, and other unrelated claims. The Court granted Plaintiff's Application to Proceed Without Fees and Affidavit in this action, and noted that Plaintiff's Complaint failed to state a claim upon which relief may be granted (Doc. No. 4). The Court then provided Plaintiff with the opportunity to submit an Amended Complaint within thirty days. *Id*. Plaintiff has not submitted an Amended Complaint. Therefore, having reviewed Plaintiff's Complaint (Doc. No. 2), the Court finds that it should be dismissed for failure to state a claim upon which relief may be granted.

I.      ANALYSIS

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burdens imposed by prisoner suits that too often are frivolous and without merit. *Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 548 U.S. 81 (2006). One of the reforms enacted by the PLRA requires courts to conduct early screening of prisoner cases to eliminate claims that clearly lack merit. 28 U.S.C. § 1915A.

In enacting the PLRA, Congress chose not to impose any heightened pleading requirement for prisoner complaints, and, in this case, 42 U.S.C. § 1983 does not impose any such requirements. *Jones v. Bock*, 549 U.S. 199 (2007). Consequently, to state a cognizable claim, the complaint needs only to meet the minimal requirements of Fed.R.Civ.P. 8(a), which are that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 92 (2007)(*per curiam*). In addition, when a prisoner is proceeding *pro se*, the court is obligated to construe the complaint liberally and hold it to a less stringent standard than what would be required of attorneys. *Id.* at 94. The court may not dismiss a *pro se* complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999); *see also Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir. 1988). While the pleading requirements are minimal and complaints are to be liberally construed, courts must be vigilant in allowing prisoners to proceed only with those claims that state a cognizable claim, that seek relief from a non-immune party, and that are not obviously baseless, frivolous, or malicious. *Edwards v. Snyder*, 478 F. 3d 827, 830 (7th Cir. 2007).

"A complaint is frivolous if it lacks an arguable basis in law or fact." *Martinez v. Turner,* 977 F.2d 421, 423 (8th Cir. 1992) (*citing Nietske v. Williams*, 490 U.S. 319, 325 (1989)). "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." *Id*. And, in terms of whether there is an arguable basis in fact, the court may disregard any factual allegations that are clearly fanciful, fantastic, or delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992); *Edwards, supra* at 829-830 (discussing the difference between factual and legal frivolousness). Although the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no

claim stated as a matter of law.

### A. General Conditions of Confinement Claims

Plaintiff's claims against Defendant Freads are mainly allegations of unconstitutional conditions of confinement. Plaintiff specifically makes ten (10) claims. (Doc. No. 2 at 6.) Claims 1, 2, 3, 4, 6, 7, and 8 are general safety complaints that do not include any resulting injury. Plaintiff may assert only those claims which are personal *to him* and caused *him* injury. Plaintiff does not have standing to assert claims for alleged injury to other inmates.[1] Therefore, these claims should be dismissed for failure to state a claim upon which relief may be granted.

### B. Lack of Heat Overnight and Unsanitary Showers

In claim 5, Plaintiff states on February 14, 2012, the temperature was below thirty degrees overnight and the showers have mildew and are unsanitary. Only "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319(1986). And violations of the Eighth Amendment require both objectively harsh conditions of confinement and a subjectively culpable state of mind on the part of prison officials in creating or condoning those conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The Court finds these allegations are not "objectively, 'sufficiently serious'. . . result[ing] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(internal citations omitted). Furthermore, Plaintiff does not allege that Defendant Freads "acted or failed to act despite his knowledge of a substantial risk of serious

---

[1] A state actor may be sued in his or her official capacity, if the plaintiff seeks injunctive or prospective relief for a legally cognizable claim. *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989); *see Serna v. Goodno*, 567 F.3d 944, 952 (8th Cir. 2009) (Eleventh Amendment does not bar claims for prospective injunctive relief against public officials in their official capacities). But Mr. Davis only seeks redress in the form of monetary damages (Doc. No. 2 at 7).

harm." *Id* at 842. Finally, Plaintiff alleges no injury as a result of these conditions. The Prison Litigation Reform Act provides that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody, *without a prior showing of physical injury*. 42 U.S.C. § 1997e(e) (emphasis added). Therefore, Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

### C. Improper Influence

Plaintiff's claim 9 states that Defendant Freads provides tobacco products in exchange for work on the road crew and that he was offered a position on the road crew in exchange for his grievance form. (Doc. No. 2, p. 6.) Plaintiff's allegation fails to amount to a constitutional claim. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (no federal constitutional liberty interest in having state officers follow state law); *see also Smith v. Rucker*, 259 F.3d 933 (8th Cir. 2001) (per curiam) (inmate's allegation that prison officials violated his due process rights by failing to follow administrative regulations did not state a claim; the due process clause does not federalize state-law procedural requirements); *Hughes v. Lee County Dist. Court*, 9 F.3d 1366, 1367 (8th Cir. 1993) (assertion that state violated its own procedural guidelines does not state a federal claim); Valiant-Bey v. Morris, 829 F.2d 1441, 1444 n.5 (8th Cir. 1987) (§ 1983 claim cannot be premised on violation of state regulation). This claim should be dismissed for failure to state a claim upon which relief may be granted.

### D. Threat

In claim 10, Plaintiff states that Defendant Freads "entered the barracks threatening everyone with a 20-gauge shotgun. (Doc. No. 2 at 6.) Although a serious allegation if true, Plaintiff states no injury as a result of Defendant Freads's actions. A prisoner cannot sustain an Eighth Amendment

5

claim unless he can show that he suffered some "actual injury." *See White v. Holmes*, 21 F.3d 277, 281 (8th Cir.1994) "[w]hile a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation"). Claim 10 should be dismissed for failure to state a claim upon which relief may be granted.

### E. Prosecutor Robert Dittrich

Plaintiff makes allegations against Prosecutor Robert Dittrich but has not sued him. Therefore, these claims should be dismissed. Even if Mr. Dittrich was named as a defendant, he prosecutors are absolutely immune from § 1983 liability. *Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976).

### F. Child Support

Plaintiff alleges racial discrimination with regard to enforcement of child support obligations. (Doc. No. 2 at 4.) However, his allegations are conclusory and fail to state who is discriminating against him. Although given an opportunity to amend his Complaint, (Doc. No. 4), Plaintiff has chosen not to do so. Therefore, this claim, too, should be DISMISSED for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

2. This dismissal constitute a "strike" within the meaning of the PLRA.[2]

---

[2] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

3. The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

DATED this 13th day of June, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE